IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES K. BAKER,**

    **Plaintiff,**

  vs.                                Civil Action 2:10-CV-700
                                          Judge Marbley
                                          Magistrate Judge King

**DEPARTMENT OF VETERANS AFFAIRS,**
*et al.*,

    **Defendants.**

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding without the assistance of counsel, alleges that defendants, federal agencies and employees, accessed plaintiff's medical records at a Veteran's Administration facility for an improper purpose. This matter is now before the Court on plaintiff's motion for protective order, Doc. No. 2, motion for discovery, Doc. No. 3, and motion "from court on all chattels," Doc. No. 4.

Plaintiff's motion for discovery, Doc. No. 3, appears to be plaintiff's initial discovery requests. Discovery materials, including initial requests, may be filed with the Court only where necessary "in connection with any proceeding or motion before the Court. . . ." S.D. Ohio Civ. P. 5.4(a). Moreover, a party may not ordinarily seek discovery prior to the conference required by Fed. R. Civ. P. 26(f). *See* Fed. Rule Civ. P. 26(d)(1). Plaintiff's motion for discovery, Doc. No. 3, is therefore **DENIED**.

In his motion for protective order, plaintiff appears to ask this Court to enter a civil protection order. Doc. No. 2. Plaintiff's motion "from court on all chattels," Doc. No. 4, appears to be a request to seize or attach property belonging to the individual defendants.

Requests for interim injunctive relief should be granted only after the Court has considered:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of an injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of an injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir.2000) (citing *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*), quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)). Plaintiff has not yet established a strong likelihood of success on the merits.  Moreover, as it relates to plaintiff's request for a civil protection order, plaintiff has not established that the processes available to him in state court are inadequate.  Finally, although this Court may order the seizure or attachment of property, pursuant to state law, in order to secure the satisfaction of a potential judgment, *see* Fed. R. Civ. P. 64(a), plaintiff has not satisfied the standards of O.R.C. §2715.01 which governs such attachments.

It is therefore **RECOMMENDED** that plaintiff's motion for protective order, Doc. No. 2, and motion "from court on all chattels," Doc. No. 4, be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.

F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


September 21, 2010                             *s/Norah McCann King*
                                                Norah M$^c$Cann King
                                           United States Magistrate Judge

3